## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ALLSTATE INSURANCE | : |  |
| COMPANY, et al., | : | CIVIL ACTION |
| Plaintiffs | : |  |
|  | : |  |
| v. | : | NO. 06-3183 |
|  | : |  |
| MASCO CORPORATION, et al., | : |  |
| Defendants. | : |  |

**M E M O R A N D U M**

**STENGEL, J.**                                    **January 22, 2008**

Third-party defendant, Pentel Enterprises, Inc., has moved to dismiss defendants'

and third-party plaintiffs', Heritage Building Group, Inc., Heritage High Meadow, L.P.,

and Heritage Construction Company, Inc., Third-Party Complaint pursuant to Federal

Rule of Civil Procedure 12(b)(1). For the reasons set forth below, I will grant the motion,

and dismiss Pentel from this action for lack of subject matter jurisdiction.

### I.    BACKGROUND

On July 16, 2006, Allstate filed a Complaint to recover damages resulting from a

fire at the residence of insureds, Thomas and Deborah Longstaff. The Complaint alleged,

*inter alia*, that an improperly designed and constructed chimney chase contributed to the

fire. The chimney chase had been constructed by Pentel, and on October 3, 2006,

Heritage filed a three-count Third-Party Complaint joining Pentel for the purpose of

contribution and indemnification, and claiming breach of contract for Pentel's alleged

1

failure to name Heritage as an insured on applicable insurance policies.  Heritage

Construction Company had entered into a Subcontract Agreement with Pentel for the

work in question, including rough carpentry and framing, and the providing of materials

and products to install the chimney chase at the Longstaff residence.  The Heritage-Pentel

Subcontract Agreement contained an arbitration clause, which Pentel now claims

precludes this Court from exercising subject matter jurisdiction over the contract-related

claims asserted by Heritage.  Pentel filed the present motion to dismiss under Federal

Rule of Civil Procedure 12(b)(1) on December 14, 2007.  Heritage filed its response on

December 21, 2007, arguing: (1) the arbitration clause in question is limited, and actions

for indemnification do not fall within its scope, and (2) Pentel has waived its right to

invoke the arbitration clause by participating in these proceedings for 14 months before

filing the present motion.

## II.    12(B)(1) STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a

complaint for "lack of jurisdiction over the subject matter" over a case.  The plaintiff has

the burden of establishing subject matter jurisdiction.  Carpet Group Int'l v. Oriental Rug

Imp. Ass'n, 227 F.3d 62, 69 (3d Cir. 2000) (citing Mortensen v. First Fed. Sav. & Loan

Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).  "Without jurisdiction the court cannot proceed

at all in any case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

A Rule 12(b)(1) motion may present either a facial or a factual challenge to subject

matter jurisdiction. "A challenge to a complaint for failure to allege subject matter jurisdiction is known as a 'facial' challenge, and must not be confused with a 'factual' challenge contending that the court in fact lacks subject matter jurisdiction, no matter what the complaint alleges . . . ." N.E. Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n.7 (3d Cir. 2001) (citing Mortensen, 549 F.2d at 891. Pentel's motion presents a factual challenge to jurisdiction.

A court deciding a factual Rule 12(b)(1) challenge to jurisdiction is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. . . . [N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Carpet Group Int'l v. Oriental Rug Imp. Ass'n, 227 F.3d 62, 69 (3d Cir. 2000) (quoting Mortensen, 549 F.2d at 891).

## III.  DISCUSSION

Where parties have agreed to submit claims to arbitration under a valid and enforceable arbitration clause or agreement, dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper. See Sagal v. First USA Bank, 69 F. Supp. 2d 627, 632 (D. Del. 1999) (dismissing arbitrable claims to arbitration where parties' cardholder agreement contained a valid and enforceable arbitration clause), aff'd, 254 F.3d 1078 (3d Cir. 2001). The Federal Arbitration Act ("FAA") was enacted in order to "reverse the longstanding judicial hostility to arbitration agreements . . . and to place

[these] agreements on the same footing as other contracts."  Equal Employment

Opportunity Comm'n v. Waffle House, Inc., 534 U.S. 279, 289 (2002).  The broad scope

of the FAA, extending to any contract "evidencing a transaction involving commerce,"

clearly covers the contract at issue between Pentel and Heritage.  See 9 U.S.C. § 2.

The FAA requires arbitration if two conditions are met: (1) there must be a valid

agreement to arbitrate, and (2) the dispute must fall within the scope of the arbitration

clause.  Berkery v. Cross Country Bank, 256 F. Supp. 359, 365 (E.D. Pa. 2003).  I find

that both conditions are met in this case.  The parties do not dispute the validity and

enforceability of the arbitration clause, the Court must therefore determine if the

allegations of the Third-Party Complaint falls within the scope of the clause.  The

arbitration clause in the Subcontract Agreement states:

> [S]hould a dispute arise under the terms of this Agreement, the matter shall
> be settled by arbitration in Pennsylvania, in accordance with the Rules of
> the American Arbitration Association, and a judgment upon an award
> rendered by the Arbitrator may be entered in any Court of general
> jurisdiction.

Both the claim for indemnification and the breach of contract claim arise under the terms

of the agreement between Pentel and Heritage, and therefore fall within the broad scope

of the arbitration clause.

Finally, Heritage argues that Pentel has waived its right to arbitration by

participating in discovery and other aspects of this litigation.  Courts have concluded that

active, ongoing participation without an attempt to compel arbitration can amount to

4

waiver of the relevant arbitration provision.  <u>See, e.g.</u>, <u>Smith v. IMG Worldwide, Inc.</u>, 360 F. Supp. 2d 681 (E.D. Pa. 2005) (citing <u>Hoxworth v. Blinder, Robinson & Co., Inc.</u>, 980 F.2d 912, 925 (3d Cir. 1992)).  However, in this case, Pentel delayed making a formal request to compel arbitration in order to accommodate ongoing settlement discussions, and the other parties have prolonged the discovery phase of the case with repeated requests for extensions.  To charge Pentel with waiver of its right to invoke the arbitration clause under these circumstances would be an unfair punishment for ongoing cooperation with this Court's efforts to resolve the dispute at hand.

In light of the foregoing, I will grant Pentel's Motion to Dismiss.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLSTATE INSURANCE** | : | |
| **COMPANY,** | : | |
| et al., | : | **CIVIL ACTION** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **NO. 06-3183** |
| | : | |
| **MASCO CORPORATION, et al.,** | : | |
| **Defendants.** | : | |

<u>**O R D E R**</u>

**STENGEL, J.**


    **AND NOW**, this 22nd day of January, 2008, upon consideration of Defendant

Pentel Enterprises, Inc.'s Motion to Dismiss Third-Party Complaint for Lack of Subject

Matter Jurisdiction (Document #52), it is hereby **ORDERED** that the motion is

**GRANTED**, and Third-Party Defendant, Pentel Enterprises, Inc., is hereby **DISMISSED**

**WITHOUT PREJUDICE** from the above matter for lack of subject matter jurisdiction.


                                        BY THE COURT:


                                     <u> Lawrence F. Stengel        </u>
                                     LAWRENCE F. STENGEL, J.